Citation Nr: 1132127 
Decision Date: 08/31/11 Archive Date: 09/07/11

DOCKET NO. 06-27 285 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUES

1. Entitlement to an initial disability rating in excess of 30 percent for service-connected post-traumatic stress disorder (PTSD).

2. Entitlement to an initial disability rating in excess of 10 percent for service-connected chronic left ankle strain prior to February 1, 2010 and in excess of 30 percent thereafter.

3. Entitlement to an initial disability rating in excess of 10 percent for service-connected migraine headaches.


REPRESENTATION

Appellant represented by: Military Order of the Purple Heart of the U.S.A.



ATTORNEY FOR THE BOARD

Nadine W. Benjamin, Counsel


INTRODUCTION

The Veteran served on active duty from August 2001 to June 2005.

This matter comes before the Board of Veterans' Appeals (the Board) on appeal from rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma.

In September 2008, and again in December 2009, the Board remanded these issues for further development. The Board is satisfied that there was substantial compliance with its remand directives. See Stegall v. West, 11 Vet. App. 268 (1998); Dyment v. West, 13 Vet. App. 141, 146-47 (1999). In this regard, the Veteran was examined and his disorders were thoroughly evaluated. The case has been returned to the Board and is ready for further review.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

Unfortunately, a remand is required in this case. Although the Board sincerely regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration. 

The record reflects that subsequent to the Board's December 2009 remand, the Veteran was examined by VA and additional VA records were associated with the file. In March 2011, the RO sent the Veteran a supplemental statement of the case (SSOC) addressing this new evidence submitted since the issuance of the last supplemental statement of the case in October 2009. In July 2011, the supplemental statement of the case was returned to the Board as undeliverable. A review of the file shows that the SSOC was sent to an old address of the Veteran, and that a new address has been listed in the file since March 2010. Pursuant to 38 C.F.R. § 3.1(q) (2010), notice for VA purposes is a written notice sent to the claimant's last address of record. Hence, the Board finds that the Veteran has not been provided due process. The Veteran was not provided notice of the October 2009 supplemental statement of the case since it was sent to the wrong address.

In order to ensure that the Veteran is afforded the process that he is due, the claim must be remanded to the RO so that an SSOC can be mailed to the Veteran' correct address.

Accordingly, the case is REMANDED for the following action:

Send a new SSOC addressing evidence associated with the claims file since the October 2009 SSOC to the Veteran at the correct address noted in the claims file. Allow the Veteran a sufficient amount of time to respond. The claim should be returned to the Board as warranted.
 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 

action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).



_________________________________________________
F. JUDGE FLOWERS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2010).